# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

EDWIN EHLERS and ANGELA EHLERS,

                Plaintiffs,

v.

THE UNITED STATES NAVY; THE
UNITED STATES MARINE CORPS; THE
UNITED STATES ARMY; THE NAVAL
CRIMINAL INVESTIGATIVE SERVICE;
THE OFFICE OF THE JUDGE ADVOCATE
GENERAL; UNITED STATES
DISCIPLINARY BARRACKS AT FORT
LEAVENWORTH; BRIAN E. KASPRZYK;
GLORIA J. JOHNSON; RANDI J. HESTER;
STACEY L. SKOVRANKO; JOHN E.
ELLIS; CLAY A. PLUMMER; ARTHUR R.
SPAFFORD, JR.; ERIC R. MEULENBERG;
MICHAEL J. MELOCOWSKY; and
PAUL J. SKOVRANKO,

                Defendants.

Case No. 16-cv-30 (DWF/TNL)

**REPORT AND
RECOMMENDATION**

---

On August 21, 2007, a military judge sitting as a general court-martial convicted plaintiff

Edwin Ehlers of (1) one specification of sodomy with a child under the age of 12 years by force and

without consent, in violation of Art. 125, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C.

§ 925; (2) one specification of assault consummated by a battery, in violation of Art. 128, UCMJ,

10 U.S.C. § 928; and (3) one specification of indecent liberties with a child under the age of 16

years, in violation of Art. 134, UCMJ, 10 U.S.C. § 934. *See Ehlers v. Wilson*, Case No. 13-cv-2555

(JNE/FLN), 2015 WL 4920294, at *1 (D. Minn. Aug. 11, 2015); *United States v. Ehlers*, 2009 WL

1863382 (N-M. Ct. Crim. App. June 30, 2009). The conviction withstood the labyrinthine UCMJ

appellate process and became final in 2010 when the United States Supreme Court denied Ehlers's petition for a writ of certiorari. *See Ehlers v. United States*, 562 U.S. 1005 (2010).

Since then, Ehlers thrice has sought collateral review of his conviction. First, Ehlers moved for relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of California. *See Ehlers v. United States*, 2011 WL 4626163 (S.D. Cal. Oct. 6, 2011). Section 2255 is the usual avenue for federal prisoners to challenge the validity of a conviction after that conviction has become final. However, a prisoner must file for relief under § 2255 in the court that sentenced him. *See* 28 U.S.C. § 2255(a), (e). "It is impossible for a military prisoner to move under § 2255 before 'the court which sentenced him' because 'courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved.'" *Ehlers*, 2011 WL 4626163, at *1 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)). The § 2255 motion was therefore dismissed without prejudice for lack of jurisdiction by the Southern District of California, as Ehlers had not been sentenced by that court.

Second, Ehlers filed a petition for extraordinary relief in the nature of a writ of habeas corpus with the Navy-Marine Corps Court of Criminal Appeals. *See* 28 U.S.C. § 1651(a). That petition was denied on the merits, and the United States Court of Appeals for the Armed Forces declined review of the denial.

Third, in 2013, Ehlers filed a petition for habeas corpus in this District under 28 U.S.C. § 2241.[1] That petition, too, was denied on the merits. The denial is currently pending review before the Eighth Circuit Court of Appeals.

---

[1] Ehlers was then, as he is today, imprisoned at the Federal Correctional Institution at Sandstone, Minnesota.

Edwin and his wife, Angela Ehlers, have now filed a pro se civil-rights lawsuit,[2] which (mostly) again challenges the validity of the conviction and (partly) contests conditions at the prison where Ehlers was previously confined. The Ehlers have paid the filing fee in this matter and have, at this point, completed service on some, but not all, of the named defendants.

At the outset, this Court must note a procedural oddity. Our system of civil justice generally is adversarial. An action begins when one party files a complaint with the court. *See* Fed. R. Civ. P. 3. After the complaint and summons are served, the opposing party is responsible for filing

---

[2] The Ehlers filed an amended complaint on February 29, 2016. *See* ECF No. 22. Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Outside of this window, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The original complaint is a pleading to which a responsive pleading is required. Thus, the Ehlers may amend their complaint without leave of court only "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Most of the defendants had not yet answered or otherwise responded to the complaint at the time the amended complaint was filed, but Paul and Stacey Skovranko filed a motion to dismiss under Rule 12(b) on February 3, 2016 — 26 days before the amended complaint was filed. *See* ECF No. 11. Their attorney also filed an affidavit attesting that the motion to dismiss had been mailed to the Ehlers that day. *See* ECF No. 16. When a paper is served by mailing to the person's last known address, "service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). In other words, the Ehlers' right to amend the complaint as a matter of course expired as to the Skovrankos, but not as to the remaining defendants, before the amended complaint was filed. *See also* Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 6 Federal Practice and Procedure § 1481 (3d ed). Yet even when a party may not amended their complaint as a matter of course, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Further complicating matters is that this case was stayed at the time the amended complaint was filed. *See* ECF No. 21.

This Court will cut through the Gordian knot concerning the status of the amended complaint by retroactively granting leave to the Ehlers to file the amended complaint as to all defendants. Put another way, this Court will screen the entirety of the amended complaint. None of that amended complaint — and, for that matter, none of the original complaint — survives screening.

a responsive pleading. *See* Fed. R. Civ. P. 12. If the opposing party believes that the complaint is deficient in some respect, she may file a motion to dismiss the complaint or a portion of the complaint, but the Court usually does not raise issues regarding the sufficiency of the complaint of its own accord. *Sua sponte* dismissal on Rule 12(b)(6) grounds is permitted in some instances after service of process has been completed, *see Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991), but such dismissals are disfavored, *see Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir. 1991), and there is "no support for the district court to conduct an initial review of all nonprisoner pro se fee-paid complaints under Rule 12(b)(6)," *see Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (per curiam).

There are exceptions to this adversarial rule, however. The Court is tasked with policing whether it has subject-matter jurisdiction over a lawsuit and may raise the issue *sua sponte* at any time during the litigation. *See* Fed. R. Civ. P. 12(h)(3). If a litigant applies for *in forma pauperis* ("IFP") status, federal law requires that the Court dismiss the case if it determines it is frivolous, malicious, or fails to state a claim on which relief may be granted, regardless of whether the defendant raises those issues. *See* 28 U.S.C. § 1915(e)(2)(B).[3] Similarly, the Court must of its own accord dismiss frivolous, malicious, or non-viable claims raised "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Edwin Ehlers is a "prisoner" as that term is used in § 1915A(a) and defined in § 1915A(c); he is incarcerated after having been convicted of a violation of criminal law. *See also Armann v.*

---

[3] Neither Edwin nor Angela has applied for IFP status, and thus the screening requirements of § 1915(e)(2)(B) do not apply here. *See Porter*, 99 F.3d at 274.

*Dep't of the Army*, 2005 WL 3276199 (D.D.C. Aug. 30, 2005). Thus, any claims brought by Edwin Ehlers seeking "redress from a governmental entity or officer or employee of a governmental entity" are subject to *mandatory* screening "before docketing, if feasible or, in any event, as soon as practicable after docketing."[4] 28 U.S.C. § 1915A(a). But Edwin Ehlers also seeks redress from defendants who are *not* governmental entities or officers or employees of a governmental entity. And Angela Ehlers, also a plaintiff to this litigation, is not a prisoner at all. Therefore, the question to begin with is whether § 1915A requires that these aspects of the amended complaint be screened as well.

The Court has been able to identify little case law on the question, likely because (1) most prisoner complaints seek relief against only governmental defendants; (2) almost all prisoners seek IFP status, making them subject to screening under § 1915(e)(2)(B) regardless of whom they are suing; and (3) rarely does a non-prisoner join a prisoner as a plaintiff to an action.[5] That said, the text of § 1915A compels a finding that the Ehlers' entire amended complaint is subject to screening.

---

[4] In the usual case filed in this District by a prisoner, no summons is issued until screening under § 1915A is completed. This matter evaded the usual screening process for prisoner cases because, unlike the vast majority of prisoner cases, the complaint was not mailed from a correctional institution but was instead filed in-person by a non-prisoner who is also a party to this action. Not until some of the defendants had already been served and had filed a motion to dismiss was the Court alerted to the fact that this complaint fell within the scope of § 1915A.

[5] The Sixth Circuit has found that where a prisoner brings claims against both governmental and non-governmental defendants, only the claims brought against governmental defendants are subject to screening under § 1915A. *See Hay v. Evins*, 173 F.3d 428 (6th Cir. 1999) (unpublished table disposition); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007); *Bush v. Butler Cnty. Prison*, No. 13cv0218, 2013 WL 5436952, at *1 n.1 (W.D. Penn. Sept. 27, 2013) (citing *Hay* in support of proposition that "Plaintiff's Complaint is subject to § 1915, not § 1915A, because it seeks redress from both governmental and non-governmental entities."). Respectfully, the plain language of § 1915A appears inconsistent with such reading.

Under § 1915A(a), the screening requirement is triggered when a prisoner seeks redress from a governmental defendant. Section 1915A(b) is clear that, once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening. *See* 28 U.S.C. § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or *any portion of the complaint*, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." (Emphasis added)). Accordingly this Court will examine whether each of the claims raised by Edwin and Angela Ehlers "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

In the specific context of this case, review of the entire amended complaint especially makes sense. Although the amended complaint is nominally brought on behalf of both Edwin and Angela Ehlers, Angela's claims are wholly derivative of Edwin's claims. The only specific harm to Angela alleged in the amended complaint is her loss of consortium with Edwin, brought about (according to the pleading) by the defendants' various actions resulting in Edwin's unlawful incarceration. As explained below, each of the claims brought by Edwin relating to the legality of his conviction is barred by the principles discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994). Section 1915A without question *requires* this Court to dismiss any claims barred by *Heck* brought by Edwin. The exact same logic compelling dismissal of Edwin's *Heck*-barred claims will apply to Angela's derivative loss-of-consortium claim; Angela cannot succeed on that claim because it necessarily implies the invalidity of Edwin's conviction. Requiring the defendants to file a motion to dismiss

on the grounds already specified by the Court in a screening recommendation would be a needless waste of resources for both the parties and the Court.

In addition to the plain language of § 1915A and the wholly derivative nature of Angela Ehlers' claims in this particular case, there is another basis for reviewing the amended complaint *sua sponte*. "The Eighth Circuit Court of Appeals has . . . recognized that a district court has the power to dismiss frivolous complaints *sua sponte* . . . ." *Urban v. Sells*, 2014 WL 1664883, at *5 (N.D. Iowa Apr. 25, 2014) (citing *O'Grady v. Anoka Cnty. Bd. of Commissioners*, 333 Fed. App'x 147, 148 (8th Cir. 2009) (per curiam); *Sassower v. Carlson*, 930 F.2d 583 (8th Cir. 1991) (per curiam)). Further, the Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quotations and citations omitted). Many courts have found — and the Eighth Circuit has tacitly acknowledged — that a claim squarely barred by *Heck* from the face of the complaint is frivolous as the Supreme Court has defined that term. *See, e.g.*, *Grady v. Aud*, 92 F.3d 1189 (8th Cir. 1996) (unpublished table disposition) (affirming dismissal of action as frivolous pursuant to *Heck*); *Rodriguez v. Salus*, 623 Fed. App'x 588, 589-90 (3d Cir. 2015) (per curiam) (same); *Jefferson v. Longino*, 558 Fed. App'x 414 (5th Cir. 2014) (same); *Widvey v. Mink*, 2010 WL 276185, at *11 (D.S.D. Jan. 15, 2010) (dismissing action as frivolous under *Heck*). And even if the *Heck*-barred claims were not frivolous at the outset of this litigation, any of the barred claims that cannot be screened under § 1915A are *made* frivolous by the Court's determination that other, substantively identical claims must be dismissed pursuant to *Heck* under § 1915A. At that point, there would be no arguable basis

-7-

in either law or fact that the plaintiffs could succeed on any of the claims not falling within the purview of § 1915A.

Based on the foregoing, this Court now turns to the matter of reviewing the substance of the amended complaint. In analyzing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The amended complaint raises twenty-three grounds for relief against sixteen defendants. The vast majority of those claims contest the legality and fairness of the proceedings leading to Edwin Ehlers's conviction. Specifically, the amended complaint alleges that Edwin's due-process rights were violated during those proceedings (Counts One and Five); that he was falsely arrested in connection with his crimes (Count Two); that he is falsely imprisoned (Count Three) due to a wrongful conviction (Count Four); that the defendants conspired to deprive him of his constitutional rights through the court-martial proceedings (Counts Six and Seventeen); that he was denied the right to effective assistance of counsel (Count Seven); that much of the evidence in his case was either spoliated, destroyed, tampered with, or omitted (Counts Eight, Nine, Ten, Eleven, and

Nineteen); that one of the prosecutors practiced law without a valid license (Count Twelve); that his speedy-trial rights were violated (Count Thirteen); that witnesses falsified documents and perjured themselves while testifying (Count Fourteen, Fifteen, Sixteen, and Twenty); and that each of the defendants were negligent, either generally or in performing their professional duties (Counts Eighteen and Twenty-Two). In addition, Angela Ehlers alleges that she has suffered loss of consortium on account of Edwin's unlawful imprisonment (Count Twenty-One).

Each of these claims is barred by *Heck*. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted); *see also Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished table disposition) (noting that *Heck* applies equally to cases brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) for alleged violations of constitutional rights by federal officials); *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (identifying the "principle established in *Heck*" as "that a prisoner-plaintiff may not assert a civil damages claim that necessarily challenges the validity of an outstanding criminal conviction" and thus not limited only to § 1983). An essential premise of each of these claims is that Edwin's conviction is unlawful — his imprisonment is illegal because the criminal judgment is invalid; or, the process pursuant to which Edwin is imprisoned violated the law; or, that the defendants conspired to ensure that Edwin was unlawfully convicted; or, that Angela has suffered loss of consortium because Edwin is now

illegally detained. But Edwin's conviction has not yet "been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

Until the conviction is invalidated, Edwin and Angela Ehlers cannot bring civil claims that depend

upon the putative invalidity of the conviction.[6] Each of the claims barred by *Heck* — Counts One

through Twenty-Two of the complaint — must be dismissed without prejudice. *See Schafer v.*

*Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (noting that dismissal of a *Heck*-barred claim should be

without prejudice, so that the plaintiff can refile if his conviction is later invalidated).

*Heck* precludes nearly the entire complaint, but even if *Heck* did not apply, several of the

claims would still not be viable. For example, Edwin seeks relief under several federal criminal

statutes, including 10 U.S.C. § 810 and 18 U.S.C. §§ 241, 242, 1001, 1512, 1519, & 3571. But none

of these statutes has ever been interpreted as providing litigants with a private right of action. *See*

*Gasaway v. Obama*, 2010 WL 4793602, at *1 (D.D.C. Nov. 18, 2010) (collecting cases finding no

private right of action under 18 U.S.C. §§ 241 & 242); *Hammerlord v. Wang*, 2013 WL 1626326,

at *2 (S.D. Cal. Apr. 15, 2013) (granting summary judgment on claim brought under § 1001, as that

provision "is a criminal statute that does not expressly create a private right of action."); *Rowland v.*

*Prudential Fin., Inc.*, 362 Fed. App'x 596, 596-97 (9th Cir. 2010) (per curiam) (affirming dismissal

---

[6] The complaint is, in many respects, a habeas petition by another name; plaintiffs seek monetary damages, but they also seek Edwin's release from prison. However, the claims challenging the legality of Edwin's conviction have either already been litigated in previous habeas proceedings, *see Ehlers*, 2015 WL 4920294, or would be barred by the abuse-of-the-writ doctrine if raised in new habeas proceedings, *see Murray v. Delo*, 34 F.3d 1367, 1372 (8th Cir. 1994) ("The abuse-of-the-writ doctrine generally prohibits a petitioner from raising claims in a subsequent habeas petition that could have been, but were not, raised in the first federal habeas proceeding.").

of claim brought under § 1512 because that statute does not provide a private right of action); *Williams v. Finnegan*, 2014 WL 2434590, at *2 (N.D. Ohio May 29, 2014) (same with respect to claim under § 1519); *Ruiz v. Nationstar Mortg. LLC*, 2013 WL 4519180, at *3 (M.D.N.C. Aug. 26, 2013) (same with respect to claim under § 3571). These claims would be doomed regardless of *Heck*.

Only Count Twenty-Three of the complaint does not fall under the umbrella of *Heck*. In that claim, Edwin alleges that he was assaulted by a correctional officer while incarcerated at the United States Disciplinary Barracks in Leavenworth, Kansas.[7] Unlike the other claims brought in the amended complaint, Edwin's success on this claim would not imply the invalidity of his conviction; Edwin could be rightfully incarcerated and yet still be entitled to compensation from prison officials for improper conditions while confined. That said, this claim must be dismissed as well. The complaint alleges that the assault took place in March 2011. Compl. ¶ 139 [ECF No. 1]. "*Bivens* actions generally borrow the general personal injury limitations statute in the state where the action arose." *Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004). "In Kansas, the statute of limitations for such claims is two years." *Logan v. United States*, 272 F. Supp. 2d 1182, 1185 (D. Kan. 2003) (citing KAN. STAT. ANN. § 60-513). On the face of the complaint, the limitations period for Edwin's claim of unconstitutional prison conditions (namely, assault by an officer) expired long ago. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (finding that an action may be dismissed for failure to state a claim if an affirmative defense is apparent on the face of the complaint).

--------

[7] The complaint purports to bring Count Twenty-Three under 42 U.S.C. § 1983. Because the claim of constitutional violations is brought against federal, not state, employees, it is in fact brought pursuant to *Bivens*, not § 1983. This does not change the Court's analysis in any way.

Only one matter merits further comment: Defendants Stacey and Paul Skovranko, the parents of the minor victim whom Edwin Ehlers was convicted for sexually assaulting, have moved to dismiss all claims against them for lack of personal jurisdiction and for failure to state a claim. This Court need not reach the question of whether it has personal jurisdiction over the Skovrankos, as the entirety of the complaint is subject to dismissal.[8] Accordingly, this Court will recommend that the motion to dismiss be denied without prejudice as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.   Counts One through Twenty-Two of the amended complaint be **DISMISSED WITHOUT PREJUDICE**.

2.   Count Twenty-Three be **DISMISSED WITH PREJUDICE**.

[Continued on next page.]

---

[8] Usually, a motion for lack of personal jurisdiction "must be considered by the district court before other challenges since the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quotation omitted). But § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as feasible — usually before any determination about personal jurisdiction can be made — and so an inquiry under § 1915A into whether the complaint states a viable claim may supersede the personal-jurisdiction inquiry. *See Robertson v. Kansas*, 624 Fed. App'x 969, 971 (10th Cir. 2015). Indeed, further inquiry into the personal-jurisdiction question would have a perverse effect here, as the Skovrankos would be required to continue litigating (through reply briefing and a hearing) whether they have the minimal contacts with Minnesota necessary to be sued in this District.

3.      Defendant Paul and Stacey Skovranko's motion to dismiss [ECF No. 11] be

**DENIED WITHOUT PREJUDICE AS MOOT**.


Dated: March 14, 2016                             _____ s/ Tony N. Leung_____
                                                  Tony N. Leung
                                                  United States Magistrate Judge


## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.